## Cobosco v. Life Assurance Company of Pennsylvania

*Winkler, Danoff, Lubin & Toole,* for plaintiff.
*Thomas F. Gill,* for defendant.

PINOLA, P. J., July 14, 1966.—On August 21, 1960, defendant issued a health and accident policy to plaintiff, wherein defendant agreed to pay to plaintiff a benefit of $200 per month for life in the event of total disability.

On October 29, 1960, when the aforesaid policy was in full force and effect, plaintiff was injured as a result of an accident which caused total disability within the terms of said policy. During this period of total disability, on December 24, 1960, plaintiff was further injured as a result of another accident which compounded the previous injuries with continued total disability.

Defendant paid various benefits to plaintiff until February 28, 1962, when it stopped paying.

Plaintiff then instituted suit in our court to no. 620, March term, 1963, for the payment of total disability benefits under the policy, and, after a jury trial, a verdict was rendered for plaintiff for full disability benefits from March 1, 1962, to May 15, 1963, the date of trial. Defendant appealed to the Superior Court, which reversed the judgment of this court. Plaintiff then appealed to the Supreme Court, which reversed the Superior Court and reinstated the judgment of this court.

Shortly after the final action by the Supreme Court, plaintiff demanded payment of total disability benefits from May 15, 1963, the date of last payment by defendant, but defendant refused to pay. Plaintiff then instituted the present action, alleging continued total disability, and for payment of the following:

Count I—Total disability payments from May 15, 1963, to the date of trial.

Count II—Refund of premiums from May 15, 1963, to the present time, since plaintiff continued to pay the premiums until a final disposition of the case or action by defendant under its "Waiver of Premiums" provision.

Count III—The present worth of total disability payments from the date of trial and covering the period of plaintiff's life expectancy, based upon an anticipatory breach of the insurance contract by virtue of defendant's action in stating that, regardless of whether plaintiff was successful in her appeal to the Supreme Court, plaintiff would have to sue for any further benefits on her policy, thus constituting a repudiation by defendant of any further payments under the policy.

Count IV—Punitive damages.

Defendant has filed two preliminary objections to plaintiff's complaint. The first preliminary objection reads as follows:

"Plaintiff alleges total disability but fails to allege that the disability requires the regular and personal attendance by a licensed physician, surgeon, osteopath or chiropractor and further fails to allege that disability has caused a total loss of time. Both requirements are set forth under Part Four of Exhibit 'A' of the complaint".

The fact that defendant did not require this information in the complaint in the first case does not preclude defendant from demanding it in this case.

Part IV of the policy provides as follows:

"If 'such injury' does not result in any of the specific losses named in Part One but causes continuous total disability and total loss of time within twenty days from the date of the accident and requires regular and personal attendance by a licensed physician, surgeon, osteopath or chiropractor, other than the Insured, the Company will pay at the rate of the Monthly Benefit stated in the Policy Schedule for one day or more from the first medical treatment so long as the Insured lives and is so disabled, suffers such loss of time and requires such personal attendance".

While plaintiff alleges total disability, which we have held is equivalent to total loss of time, plaintiff fails to state that she is attended regularly by a licensed physician, surgeon, osteopath or chiropractor.

The burden is upon plaintiff, suing upon a policy of personal insurance, to bring the loss, by his pleadings, specifically within the terms of the policy: Warner v. Employers' Liability Assurance Corporation, 390 Pa. 62.

This principle has been applied to actions where recovery is sought for disability benefits: 20A Appleman, Ins. L. & P. 255, § 11861, et seq.

We agree that one suing upon a policy of insurance must plead and prove all facts rendering the insurer liable. Every matter essential to recovery must be alleged. The allegation in the complaint that "the plaintiff has performed all things on her part to be performed" has no application to this phase of the complaint.

The second preliminary objection reads as follows:

"Counts Three and Four are based on the repudiation by the Defendant of (its) obligations to pay under contract referred to as Exhibit 'A' in the complaint. However, the Plaintiff admits the payment of all premiums up to and including the date of the filing

of the complaint which includes the payment of premiums after January 22, 1965, the date on which the alleged repudiation of the contract took place".

Defendant contends that, because plaintiff continued to pay her premiums, she has ignored the breach, and thus waived the repudiation of the contract by defendant.

Part XIII of the policy, Waiver of Premium, states:

"When claim for total disability covered under Part Four or Part Ten has been filed and approved while this policy is in force and such disability has continued uninterruptedly for at least twelve months, provided the policy is then in force when claim for such waiver has been filed, the *Company will waive* all further premium payments during the period of such compensable disability and the policy will remain in full force and effect, subject to all its conditions except as to payment of premiums by the Insured". (Italics supplied).

In our judgment, plaintiff has acted prudently. It is wise to continue payment of premiums until the company has waived further payments. The very fact that plaintiff seeks the refund of premiums in this action indicates an intent that these payments were conditional upon a final disposition of her claim.

While, at the time the alleged repudiation was made, plaintiff had not made any demand upon defendant for benefits, defendant, through its agent, had notified plaintiff that it was refusing any further benefits.

The payment of premiums in no way affects her acceptance of repudiation. The fact that she is suing now shows that she is accepting the repudiation. We find no merit in this objection.

Accordingly, we enter the following

## ORDER

Now, July 14, 1966, preliminary objection 2 is dismissed, preliminary objection 1 is sustained, and plain-

tiff is required to amend her complaint in conformity with this decision within 20 days.